IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | CIVIL ACTION NO. **3:CV-07-1788** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN TROY WILLIAMSON, U.S. BUREAU OF PRISONS, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

In this Petition for Writ of Habeas Corpus filed by Petitioner Gardner on October 1, 2007, pursuant to 28 U.S.C. § 2241,[1] Petitioner claims that the Bureau of Prisons ("BOP") exceeded its authority by setting his restitution payment schedule under the FRP. Petitioner requested that this Court direct the BOP to remove him from "FRP Refuse" status, enjoin the BOP from sanctioning him for refusing to participate in the FRP, and direct the BOP to refrain from establishing a restitution payment schedule for him. (Doc. 1, p. 4).

We initially issued a Report and Recommendation ("R&R") on October 25, 2007, in which we recommended that the District Court summarily dismiss this Habeas Corpus Petition under Rule 4. (Doc. 9). The District Court did not adopt our R&R. (Doc. 22). The District Court stated:

> Under the MVRA, the court [in *U.S. v. Corley,* 500 F.3d 210, 225 (3d Cir. 2007)] concluded, the sentencing judge was now required to consider a defendant's finances in ordering restitution. *Id.* If the sentencing court had knowledge that a defendant "could not

---

[1]The District Court has found that since Petitioner is challenging the execution of his federal sentence, his case is properly brought under § 2241. (Doc. 12, p. 5, n. 1).

Case 5:08-cv-02050-H   Document 23   Filed 03/17/08   Page 1 of 8

> make immediate payment in full, it was required under
> § 3664(2) to set a different schedule of payments." *Id.*
> To do otherwise, the court found, would constitute an
> impermissible delegation of the court's responsibility. *Id.*

(Doc. 12, p. 6).

The District Court concluded:

> From the petition, we cannot determine what information about petitioner's financial resources was before the district court at the time of sentencing, nor do we have a clear statement of the terms under which plaintiff's (sic) [petitioner's] restitution was to be paid during his incarceration. If, however, the district court left to the BOP to determine the amount and schedule of payments to be made by petitioner despite knowledge that petitioner could not make immediate full restitution, the court did not follow the dictates of the MVRA. *See Corley*, 500 F.3d at 227 (finding that when a court orders "immediate" payment of restitution with knowledge that the defendant cannot make full restitution, such orders "are indistinguishable in principle from outright delegations of authority to the Bureau of Prisons."). As a result, we will sustain the petitioner's objection and remand the case to the magistrate judge with instructions to serve the petition and determine whether the sentencing court improperly delegated responsibility for the terms of restitution to prison officials or to take other appropriate action.

(*Id.*, pp. 6-7).

Pursuant to the District Court's directions, we then issued a Show Cause Order and directed Respondents to respond to the instant Habeas Corpus Petition. On February 5, 2008, Respondents filed their Response. (Doc. 18). (Doc. 22). Petitioner filed a Traverse on February 12, 2008 (Doc. 19), in which he argued that Respondents did not respond to the District Court's issues raised in its January 8, 2008 Memorandum. On February 19, 2008, Petitioner filed a Motion to Amend his Traverse, with an attached "Statement of Reasons" page of his Judgment and Commitment Order

2

("J&C"). (Doc. 20). On February 25, 2008, we granted Plaintiff's Motion to Amend and provided Respondents with ten (10) days to respond to Petitioner's additional argument. (Doc. 21). Respondents filed their Supplemental Response on March 10, 2008. (Doc. 22).[2]

Respondents state that they tried to respond to the District Court's above-stated issues in their initial Response, but they now represent that they "could not ascertain with certainty what financial information was before and relied upon by the sentencing judge [of the United States District Court for the Eastern District of North Carolina] . . ." (Doc. 22, p. 2). Respondents thus request that this Court transfer this case to the more convenient forum, *i.e.*, the sentencing court, United States District Court for the Eastern District of North Carolina. (Doc. 22, p. 2).

## II. Discussion.

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Title 28 U.S.C. § 2243 further provides that the "writ, or order to show cause shall be directed to the person having custody of the person detained." Thus, a § 2241 habeas petition may be filed in the district court having territorial jurisdiction over the place where the petitioner is incarcerated or otherwise physically present in custody. Where a § 2241 petition is filed elsewhere, it may be and usually is transferred to the district of actual custody under the doctrine of *forum non conveniens*. *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988). "Any issue as to the convenience of the forum can be resolved as a venue question, and the District Court has

---

[2]To date, Petitioner has not responded to Respondents' recent Supplemental Response, but he will have the opportunity to oppose their request for a transfer contained therein by filing objections to our Report and Recommendation.

3

full power under 28 U.S.C. § 1404(a) to transfer the case to a more appropriate district, provided the suit could have been brought there in the first instance." *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962 (8th Cir. 1976), citing *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974).

While venue of this case certainly exists in the Middle District of Pennsylvania,[3] we agree with Respondents that it is in the interests of justice and judicial economy to transfer this case to the Eastern District of North Carolina. We agree with Respondents that "the ease of access to sources of proof is hampered in this District [Middle District of Pennsylvania] and that the United States District Court for the Eastern District of North Carolina would best be able to address the [*Corley*] questions raised by Judge Munley in his January 8, 2008, Order." (Doc. 22, p. 3). We also agree with Respondents that the Eastern District of North Carolina is a more appropriate district to address the issues in this case, since all of Petitioner's records are there, as well as the persons with first hand knowledge regarding the issues.

We find that the United States District Court for the Eastern District of North Carolina is in a much better position to determine what information about Petitioner's financial resources was before it when it sentenced Petitioner, and what were the terms under which Petitioner's restitution was to be paid while he was incarcerated. The District Court for the Eastern District of North Carolina has Petitioner's criminal case file, including his complete J&C, and the District Court for the Eastern District of North Carolina has first hand knowledge as to Petitioner's financial resources at the time it imposed its sentence, has first hand knowledge as to whether it found Petitioner could make immediate full restitution, and has first hand knowledge of the terms it imposed regarding the

---

[3]*See Rumsfeld v. Padilla,* 542 U.S. 426 (2004).

payment of Petitioner's restitution during his confinement.

Further, we find no prejudice to Petitioner if this Court transfers this Habeas Corpus Petition to the Eastern District of North Carolina. As stated, the District Court in the Eastern District of North Carolina has all of Petitioner's criminal case records, as well as his complete J&C, and has first hand knowledge of the Petitioner's financial information which it considered and relied upon to support its sentence imposed on Petitioner. In fact, Respondents note that Petitioner's copy of the "Statement of Reasons" which was part of his J&C and attached to his Motion to Amend was returned to Respondents' counsel since Petitioner is prohibited from possessing it under BOP policy. (Doc. 22, p. 4, n. 1). Thus, Petitioner himself will be benefitted if his case is transferred to the Eastern District of North Carolina, since the sentencing court has all of his criminal case records, including his financial information and the complete J&C, which Petitioner does not possess. Indeed, Petitioner has complained in his Traverse about Respondents' failure to respond to the District Court's inquiries raised in its January 8, 2008 Memorandum. (Doc. 19). Respondents have represented that they have not been able to ascertain with certainty the relevant information upon which the sentencing court relied. (Doc. 22, p. 2). We can hardly see how Petitioner will be prejudiced if his case is transferred to the district which has the documents and first hand knowledge with respect to the issues that must be addressed in this case.

Additionally, upon transfer, Petitioner can request leave of court to file a further brief in support of his Petition after the *Corley* issues are addressed, namely, what financial information was considered by the sentencing court and what the terms of Petitioner's restitution were with respect to the amount to be paid during his incarceration.

5

Accordingly, we will recommend that Respondents' request to transfer this Habeas Corpus Petition to the Eastern District of North Carolina (Doc. 22, p. 4) be granted.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that Respondents' request to transfer this Habeas Corpus Petition to the United States District Court for the Eastern District of North Carolina be granted.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 17, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | CIVIL ACTION NO. **3:CV-07-1788** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN TROY WILLIAMSON, | : | |
| U.S. BUREAU OF PRISONS, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **March 17, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 17, 2008**

8

Case 5:08-cv-02050-H   Document 23   Filed 03/17/08   Page 8 of 8